UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY BRUMFIELD, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF VETERAN AFFAIRS,<br><br>  Defendant. | Case No. 14-cv-04647-JSC<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Plaintiffs Kathy Brumfield ("Brumfield") and Dominique Stromile ("Stromile," and together, "Plaintiffs"), bring this action against Defendants Veteran Affairs ("VA"), the Oakland V.A. Outpatient Center ("Oakland VA"), and various Does (collectively, "Defendants"). The Complaint was assigned to a United States Magistrate Judge and Plaintiffs consented to the jurisdiction of the undersigned. (Dkt. No. 9.) The Court previously granted Brumfield's application to proceed in forma pauperis and later Stromile's similar application, and reserved to a later time evaluation of the Complaint under 28 U.S.C. § 1915(e)(2). (Dkt. Nos. 5, 7.) The Court has now reviewed Plaintiffs' complaint, the gravamen of which is that the VA's treatment and diagnosis of Brumfield's Diabetes constituted medical malpractice. (*See* Dkt. No. 1.) Because, upon review, the Court does not have jurisdiction of the Complaint as written and it fails to state a claim upon which relief may be granted, the Court DISMISSES Plaintiffs' Complaint with leave to amend.

**COMPLAINT ALLEGATIONS**

Plaintiff Brumfield is a veteran who receives her medical care at the Oakland Outpatient Clinic of the VA. (Dkt. No. 1 ¶ 5-6.) Plaintiff Stromile is Brumfield's daughter. (*Id.* ¶ 5.) The complaint arises out of events pertaining to Brumfield's medical care that occurred between

January and June of 2014. The first set of allegations concern Brumfield's diabetes diagnosis. Brumfield's primary care physician ("PCP") referred her for a physical on May 23, 2014, at the VA Hospital in Palo Alto, where Brumfield first received a diagnosis of diabetes, which she learned she probably had for "several months[.]" (Dkt. No. 1 at 2-3.) Brumfield appears to fault the diagnosis itself, the fact that she learned it from someone other than her PCP, and the fact that she did "not receive early intervention and medication to prevent" the diabetes diagnosis. (*Id.* at 3-4.) This diagnosis, and its lateness, caused Brumfield and Stromile "pain, humiliation, and suffering" and caused them to "fear[ ] the dramatic changes that the diagnosis would impose on their lives, the cost, time and limits to their activities of daily life, the medical options that will be limited," and "destroy[ed] their plans to remain in good health and live peaceful lives[.]" (*Id.* at 3.)

The second set of allegations involves a series of eye doctor appointments that Brumfield attended. An eye doctor who examined Brumfield in June of 2014 represented to her that vision exams, including dilation and "blood pressure eye drops," could cause permanent vision loss in a diabetic whose blood sugar is unbalanced. (*Id.* at 4.) Contrary to that doctor's statement, however, Brumfield's PCP referred her to vision exams in January of 2014 and again on May 30, 2014. (*Id.* at 4-5.) At the first of these appointments, the eye doctor prescribed Brumfield prescription lenses that caused her eye pain and vision distortion, made it difficult to leave her house, and required her to "fee[l] her way home" due to difficulty seeing. (*Id.*) At the second appointment, which Brumfield scheduled to seek a second opinion on the prescription eyeglasses that had been causing her adverse symptoms, the eye doctor "diagnosed plaintiff with near and far vision disturbances and order[ed] her bifocals" even though Brumfield did not want prescription lenses and even though her medical record showed signs of diabetes. (*Id.* at 5.) In addition, at that appointment, the doctor and her assistant raised their voices at Brumfield when Brumfield stepped away from an eye machine. (*Id.*) Brumfield believes this vision exam was malicious. (*Id.*) These eye exams caused Brumfield and her daughter pain and suffering, including fear and anger. (*Id.*) After the second appointment, Stromile had to become her mother's home health aide for "weeks." (*Id.*)

1    Plaintiffs name as Defendants the Veteran Affairs ("VA"), the Oakland V.A. Outpatient
2    Center ("Oakland VA"), and various Does (collectively, "Defendants"), who include Brumfield's
3    PCP, her treating eye doctor, the eye doctor's assistant, and their staff.  (*Id.* at 2.)
4    In Count One, Plaintiffs contend that Brumfield's PCP's failure to inform her in a timely
5    manner of her diabetes diagnoses and failure to provide timely interventions to prevent that
6    disease, fell below the standard of care and violated California's unfair business practices, Cal.
7    Bus. & Prof. Code § 17200; the "Informed Consent Law"; battery under California Civil Code
8    § 3294; "Breach of the Standard of Care"; and "Damages" under Cal. Civ. Code § 3333.2(a) and
9    (b).  (Dkt. No. 1 at 6.)
10   In Count Two, Plaintiffs allege that her doctors' failure to discover Brumfield's diabetes
11   resulted in eye exams that involved a "poor patient/staff relationship which resulted in conflict,
12   pain, and suffering; unresolved vision disturbances, emotional distress for plaintiff and her
13   daughter; lack of reasonable precautions, and a lack of home care instructions written for care of a
14   diabetic followed by a malice based eye exam."  (*Id.* at 7.)  They further allege that Brumfield's
15   doctors failed to provide any instructions about what to expect before her vision exam left her
16   without adequate transportation home.  Plaintiffs contend that these actions violated Brumfield's
17   Patient Bill of Rights and constituted an unfair business practice under California law; battery
18   under California Civil Code § 3294; and a breach of the standard of care.  (*Id.* at 8.)
19   In Count Three, Plaintiffs contend that the Oakland VA's policy of "delay, deny, and wait"
20   left Brumfield waiting too long to see her PCP, and in the absence of such a policy, "she could
21   have received early intervention for her health issues[.]"  (*Id.* at 8.)  Plaintiffs allege violations of
22   breach of standard of care and battery.  (*Id.*)
23   Finally, in the fourth count, Plaintiffs contends that "the officers of VA compensation have
24   denied her of other injuries some of which are secondary to injuries [Brumfield] sustained during
25   active duty, including diabetes."  (*Id.*)  Plaintiffs contend that the VA "violated her contract of
26   good faith practices § 17200"; committed battery; and breached the standard of care.  (*Id.* at 9.)
27   In each of the counts, Plaintiff lists "damages" as a cause of action.  In Counts Two
28   through Four, Plaintiffs lists "punitive damages" as a cause of action, as well.  In their request for

3

1    relief, Plaintiffs specifically seek:  general damages; medical and incidental expenses; damages for

2    emotional distress; past and future lost wages and impairment to earning capacities; general

3    damages for scarring and disfigurement; interest; and punitive damages.  (*Id.* at 9.)  Plaintiffs also

4    seek an order requiring the VA to provide benefits for Brumfield's diabetes diagnosis and eye

5    injuries.  (*Id.* at 10.)

## LEGAL STANDARD

7    The Court must dismiss an *in forma pauperis* ("IFP") complaint before service of process

8    if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28

9    U.S.C. § 1915(e)(2).  The Court retains discretion over the terms of dismissal, including whether

10   to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

11   A complaint is frivolous where there is no subject matter jurisdiction.  *See Castillo v.*

12   *Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d

13   817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed

14   as frivolous on § 1915 review where subject matter jurisdiction is lacking).

15   Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language

16   of Federal Rules of Civil Procedure 12(b)(6).  *Lopez*, 203 F.3d at 1127.  In considering a motion to

17   dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court

18   must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89,

19   94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v.*

20   *Rhodes*, 416 U.S. 232, 236 (1974).  To avoid dismissal, a complaint must contain more than

21   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

22   of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  Indeed, "[t]hreadbare

23   recitals of the elements of a cause of action, supported by mere conclusory statements do not

24   suffice."  *Id.*  Furthermore, a claim upon which a court can grant relief must have facial

25   plausibility.  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content

26   that allows the court to draw the reasonable inference that the defendant is liable for the

27   misconduct alleged."  *Id.* at 556.

28   In addition, because Plaintiffs are proceeding in this action pro se, the court must construe

4

their complaint liberally. *See Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984) ("This circuit has long had a rule of liberal construction of pleadings presented by pro se litigants."). However, the court may not add to the factual allegations in the complaint. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (liberal interpretation of a pro se complaint "may not supply essential elements of the claim that were not initially pled").

## DISCUSSION

The Court lacks subject matter jurisdiction over the torts alleged in Plaintiffs' Complaint. Plaintiffs assert state law tort claims against a federal agency. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, provides the exclusive remedy for torts committed by federal employees, as alleged here. *See Freeman for Thomas v. Ellen*, No. C 98-0445 MMC, 1998 WL 164948, at *2 n.1 (N.D. Cal. Mar. 16, 1998) ("[A] claimaint's exclusive remedy for . . . common-law torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA." (collecting cases)); *see e.g.*, *Berti v. V.A. Hosp.*, 860 F.2d 338, 339 (9th Cir. 1988); *Kimes v. Shineki*, No. Civ. S-09-0853 KJM DAD PS, 2011 WL 864481, at *2-3 (E.D. Cal. Mar. 10, 2011) (alleging medical malpractice against physicians and staff at a VA center); *Laskowski v .U.S. Dep't of Veterans Affairs*, 918 F. Supp. 2d 301, 304 (2013) (same). Construing the complaint liberally as it must, *see Garaux*, 739 F.2d at 439, the Court therefore interprets the instant complaint as an FTCA medical malpractice claim. So construed, the underlying state law tort claims for breach of the standard of care and battery must be dismissed because they are statutorily barred in an action under the FTCA. *See Tekle v. United States*, 511 F.3d 839, 851 (9th Cir. 2007) (citation omitted). Moreover, the FTCA bars recovery of prejudgment interest and punitive damages, so Plaintiffs' request for such relief must also be stricken. 28 U.S.C. § 2674; *see, e.g.*, *Laskowski*, 918 F. Supp. 2d at 306.

With respect to the FTCA medical malpractice claim that remains, to establish subject matter jurisdiction over an FTCA claim, a plaintiff must allege that she has exhausted all required administrative remedies. 28 U.S.C. § 2675; *see also Alvarado v. Table Mtn. Rancheria*, 509 F.3d 10008, 1019 (9th Cir. 2007); *Laskowski*, 918 F. Supp. 2d at 306 n.3. The FTCA provides, in relevant part, that:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Thus, when a complaint alleging a tort, including medical malpractice, against a federal agency like the VA fails to allege that the plaintiff made an administrative claim with the VA before filing suit, the complaint must be dismissed for lack of subject matter jurisdiction. *See Kendall v. Dep't of Veterans Affairs*, 360 F. App'x 902, 903 (9th Cir. 2009) (citation omitted); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) ("A tort claimant may not commence proceedings in court against the United States without first filing [a] claim with an appropriate federal agency . . . . We have repeatedly held that this claim requirement . . . is jurisdictional in nature and may not be waived." (internal quotation marks and citation omitted)).

Accordingly, the Court dismisses the tort claims in the instant complaint for lack of subject matter jurisdiction; in particular, Plaintiffs have failed to allege that have properly exhausted their claims with the Veterans Administration. *See, e.g.*, *Hyon v. IRS*, No. Civ. S-12-1234 MCE CKD PS, 2012 WL 1658380, at *2 (E.D. Cal. May 10, 2012) (on § 1915 review, dismissing negligence claims against federal agency for failure to allege compliance with the FTCA's exhaustion requirement).

Plaintiffs' unfair competition claim brought pursuant to California Business and Professions Code section 17200 may not be subject to the FTCA exhaustion requirement. *See Rpost Holdings, Inc. v. Trustifi Corp.*, 2011 WL 4802372 * 5 (C.D. Cal. Oct. 11, 2012). The claims must nonetheless be dismissed for failure to state a claim. To bring a claim for violation of Section 17200, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200). Thus, to state a claim under Section 17200, a plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is

6

likely to deceive members of the public). Here, Plaintiffs have not alleged any particular business practice or misleading advertising, let alone how that unidentified practice or advertising is unlawful, unfair or fraudulent. The omission of such allegations is unsurprising given that the gravamen of Plaintiffs' claims involve medical malpractice rather than a particular business practice. Accordingly, the claims for unfair business practice in violation of Section 17200 must be dismissed for failure to state a claim.

**CONCLUSION**

For the reasons explained above, the Court lacks subject matter jurisdiction over the tort claims in Plaintiffs' Complaint as it is written and therefore such claims must be dismissed. The tort claims of medical malpractice and battery are dismissed with prejudice; these claims may not be reasserted in an amended complaint. However, the dismissal is without prejudice to reasserting such claims under the Federal Tort Claims Act. The claims under California Business and Professions Code are also dismissed with leave to amend. Should Plaintiffs choose to amend their allegations they should keep in mind the following:

1. Plaintiffs may only bring tort claims against a federal agency and federal actors under the FTCA. Thus, the amended complaint must recast any state law tort claims for medical malpractice, battery, or otherwise, as FTCA claims. The amended complaint must also allege specific facts to plausibly establish that Plaintiffs have exhausted administrative remedies with the Veterans Administration. If they have not yet done so this lawsuit is premature and cannot go forward.

2. Plaintiffs may only sue based on injuries they themselves have suffered; they cannot sue to rectify wrongs done to others, including their friends and family. Thus, the amended complaint must clearly identify how *both* Kathy Brumfield *and* Dominique Stromile have been injured.

3. To state a claim under section 17200 Plaintiffs must identify an unlawful, unfair or fraudulent business practice. Medical malpractice is not a business practice.

If Plaintiffs wish to file an amended complaint they must do so by **February 27, 2015**. Plaintiffs are warned that if they do not file by that date their lawsuit will be dismissed without

7

1  prejudice as to the tort claims and with prejudice as to the Section 17200 claims.

2  **IT IS SO ORDERED**.

3  Dated:  January 22, 2015

4  _____
   JACQUELINE SCOTT CORLEY
5  United States Magistrate Judge