UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATHY BRUMFIELD, et al.,

    Plaintiffs,

v.

DEPARTMENT OF VETERAN AFFAIRS,

    Defendant.

Case No. 14-cv-04647-JSC

**ORDER DISMISSING CASE**

Plaintiffs Kathy Brumfield ("Brumfield") and Dominique Stromile ("Stromile," and together, "Plaintiffs"), bring this action against Defendants Veteran Affairs ("VA"), the Oakland V.A. Outpatient Cetner ("Oakland VA"), and various Does (collectively, "Defendants"). The Complaint was assigned to a United States Magistrate Judge and Plaintiffs consented to the jurisdiction of the undersigned. (Dkt. No. 9.) The Court previously granted both Plaintiffs' applications for leave to proceed in forma pauperis. (Dkt. Nos. 5, 7.) On January 22, 2015, the Court evaluated Plaintiffs' Complaint under 28 U.S.C. § 1915(e)(2), and finding that it failed to state a claim upon which relief may be granted, dismissed Plaintiffs' Complaint with leave to amend. (Dkt. No. 10.) Specifically, the Court found that Plaintiffs' state law medical malpractice tort claims had to be recast under the Federal Tort Claims Act, which would require Plaintiffs to allege that they have properly exhausted their administrative remedies, and that Plaintiffs' unfair competition claim did not sufficiently allege a particular business practice to serve as the predicate for such claim. (*Id.* at 6-7.)

The Court ordered Plaintiffs to file an amended complaint by February 27, 2015, and warned Plaintiffs that if they did not file an amended complaint by that deadline, their lawsuit would be dismissed without prejudice as to the tort claims and with prejudice as to the Section

1   17200 claims. (*Id.* at 7-8.) That deadline has long since passed, and as of the date of this Order,
2   Plaintiffs still have not filed an amended complaint.

3   Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for
4   failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v.*
5   *U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte*
6   dismiss an action pursuant to Rule 41(b)). In the Ninth Circuit, "when a plaintiff fails to amend a
7   complaint after the [ ] judge dismisses the complaint with leave to amend, the dismissal is
8   typically considered a dismissal for failing to comply with a court order[.]" *Yourish v. Cal*
9   *Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). "In determining whether to dismiss a claim for . . .
10  failure to comply with a court order, the Court must weigh the following factors: (1) the public's
11  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
12  risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5)
13  the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d
14  639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support dismissal . .
15  . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138
16  F.3d 393, 399 (9th Cir. 1998) (internal quotation marks and citation omitted).

17  Here, four of the five *Pagtalunan* factors weigh in favor of dismissal. "The first two
18  factors—the public interest in expeditious resolution of litigation and the Court's need to manage
19  its docket—relate to the "efficient administration of judicial business for the benefit of all litigants
20  with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2s 1275, 1279
21  (9th Cir. 1980). By failing to amend the complaint as the Court's order required, Plaintiffs have
22  completely stalled this action. When plaintiffs fail to amend their pleading, courts find these two
23  factors weigh strongly in favor of dismissal because the failure to amend "effectively clog[s] the
24  Court's docket with an unpursued claim, diverting time and attention from other litigants who
25  wish to pursue their actions." *Campbell v*. Breen, No. 14-cv-02169-JST, 2015 WL 295021, at *1
26  (N.D. Cal., Jan. 21, 2015). So it is here.

27  Third, there is no risk of prejudice to defendants here, given that Defendant was never even
28  served in this matter. Plaintiffs have offered no explanation for their failure to file an amended

1    complaint. Thus, this factor weighs in favor of dismissal.

2          The fourth factor is the availability of less drastic sanctions. The Court already cautioned
3    Plaintiffs that failure to respond would result in dismissal of this action. (Dkt. No. 10.) Thus, the
4    Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v.*
5    *Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick v. Bonzelet*, 963 F.2s 1258, 1262
6    (9th Cir. 1992) ("A district court's warning to a party that failure to obey the court's order will
7    result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.").

8          The last factor, which favors disposition on the merits, by definition weighs against
9    dismissal. *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.
10   Thus, this factor weighs against dismissal.").

11         Four of the five relevant factors weigh strongly in favor of dismissing this action in its
12   entirety, so dismissal is appropriate. *Pagtalunan*, 291 F.3d at 43 (affirming dismissal where three
13   factors favored dismissal, while two factors weighed against dismissal).

14         Accordingly, it is hereby ORDERED that Plaintiffs' Complaint is DISMISSED without
15   prejudice as to the tort claims and with prejudice as to the Section 17200 claims.

16   **IT IS SO ORDERED.**

17   Dated: March 20, 2015

18   _____
     Jacqueline Scott Corley
19   United States Magistrate Judge

United States District Court
Northern District of California

3